108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Susan A. BJURMAN; George A. Bjurman, Co-Executors of the
Will of Dorothy L. Bjurman, Plaintiffs-Appellees,
v.
TRANSAMERICA CORPORATION EMPLOYEES HEALTH CARE PLAN, aka,
Transamerica Corporation, Defendant-Appellant.
 No. 95-56675.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1997.
Decided March 13, 1997.
 
 Before: FARRIS, KOZINSKI and T.G. NELSON, Circuit Judges.
 MEMORANDUM*
 The plan at issue is self-funded and expressly delegates to plan administrators the right to interpret ambiguous provisions. The district court therefore improperly applied the doctrines of contra proferentem and reasonable expectations to the plan's custodial care exclusion. See Winters v. Costco Wholesale Corp., 49 F.3d 550, 553 (9th Cir.), cert. denied, 116 S.Ct. 276 (1995). Instead, the district court should have deferred to the plan committee's reasonable interpretation of the provision.
 The district court also erred in concluding that the plan committee abused its discretion by denying coverage for Bjurman's 24-hour nursing care. While there was a conflict in the medical evidence presented by the parties, the plan's doctors considered and rejected the medical necessity of around-the-clock care to protect Bjurman against the risk of aspiration and other complications. E.g., ER at 659. We must defer to this reasonable conclusion. See Barnett v. Kaiser Foundation Health Plan, Inc., 32 F.3d 413, 417 (9th Cir.1994). And we do.
 REVERSED and REMANDED with instructions to enter summary judgment for appellant. Award of attorney's fees VACATED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3